IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ROLLY WILLIAMS,                 )
                               )
                Plaintiff,     )
                               )
vs.                            )        Case No. 07-1054-MLB
                               )
MICHAEL J. ASTRUE,             )
Commissioner of                )
Social Security,               )
                               )
                Defendant.     )
_____)


RECOMMENDATION AND REPORT


     This is an action reviewing the final decision of the
Commissioner of Social Security denying the plaintiff disability
insurance benefits and supplemental security income payments.
The matter has been fully briefed by the parties and has been
referred to this court for a recommendation and report.

**I.  General legal standards**

     The court's standard of review is set forth in 42 U.S.C.
§ 405(g), which provides that "the findings of the Commissioner
as to any fact, if supported by substantial evidence, shall be
conclusive."  The court should review the Commissioner's decision
to determine only whether the decision was supported by
substantial evidence and whether the Commissioner applied the

1

correct legal standards.  <u>Glenn v. Shalala</u>, 21 F.3d 983, 984
(10th Cir. 1994).  Substantial evidence requires more than a
scintilla, but less than a preponderance, and is satisfied by
such evidence that a reasonable mind might accept to support the
conclusion.  The determination of whether substantial evidence
supports the Commissioner's decision is not simply a quantitative
exercise, for evidence is not substantial if it is overwhelmed by
other evidence or if it really constitutes mere conclusion.  <u>Ray
v. Bowen</u>, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court
is not to reweigh the evidence, the findings of the Commissioner
will not be mechanically accepted.  Nor will the findings be
affirmed by isolating facts and labeling them substantial
evidence, as the court must scrutinize the entire record in
determining whether the Commissioner's conclusions are rational.
<u>Graham v. Sullivan</u>, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The
court should examine the record as a whole, including whatever in
the record fairly detracts from the weight of the Commissioner's
decision and, on that basis, determine if the substantiality of
the evidence test has been met.  <u>Glenn</u>, 21 F.3d at 984.

     The Social Security Act provides that an individual shall be
determined to be under a disability only if the claimant can
establish that they have a physical or mental impairment expected
to result in death or last for a continuous period of twelve
months which prevents the claimant from engaging in substantial

gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not

to be disabled.  If the claimant survives step four, the fifth
and final step requires the agency to consider vocational factors
(the claimant's age, education, and past work experience) and to
determine whether the claimant is capable of performing other
jobs existing in significant numbers in the national economy.
Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

    The claimant bears the burden of proof through step four of
the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (1993).
At step five, the burden shifts to the Commissioner to show that
the claimant can perform other work that exists in the national
economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987
F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this
burden if the decision is supported by substantial evidence.
Thompson, 987 F.2d at 1487.

    Before going from step three to step four, the agency will
assess the claimant's residual functional capacity (RFC).  This
RFC assessment is used to evaluate the claim at both step four
and step five.  20 C.F.R. § 404.1520(a)(4); 404.1520(f,g).

## II.  History of case

    On September 12, 2006, administrative law judge (ALJ) Robert
J. Burbank issued his decision (R. at 13-23).  The claimant meets
the insured status requirements of the Social Security Act
through December 31, 2007 (R. at 15).  At step one, the ALJ
determined that plaintiff had not engaged in substantial gainful

activity since August 1, 2003, plaintiff's alleged onset date (R. at 15).  At step two, the ALJ found that plaintiff had the following severe impairments: status-post coronary artery bypass surgery, status-post pacemaker insertion, gout, obesity, and rheumatoid arthritis (R. at 16).  At step three, the ALJ found that plaintiff's impairments do not meet or equal a listed impairment (R. at 16-17).  After establishing plaintiff's RFC, the ALJ found at step four that plaintiff cannot perform past relevant work (R. at 21).  At step five, the ALJ found that plaintiff can perform other work which exists in significant numbers in the national economy.  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 21-22).

**III.  Did the ALJ consider all of the medical opinion evidence?**

The opinions of physicians who have seen a claimant over a period of time for purposes of treatment are given more weight over the views of consulting physicians or those who only review the medical records and never examine the claimant.  The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all.  <u>Robinson v. Barnhart</u>, 366 F.3d 1078, 1084 (10th Cir. 2004). A treating physician's opinion about the nature and severity of the claimant's impairments should be given controlling weight by the Commissioner if well supported by

clinical and laboratory diagnostic techniques and if it is not

inconsistent with other substantial evidence in the record.

Castellano v. Secretary of Health & Human Services, 26 F.3d 1027,

1029 (10th Cir. 1994); 20 C.F.R. §§ 404.1527(d)(2),

416.927(d)(2).  When a treating physician opinion is not given

controlling weight, the ALJ must nonetheless specify what lesser

weight he assigned the treating physician opinion.  Robinson v.

Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004).  A treating source

opinion not entitled to controlling weight is still entitled to

deference and must be weighed using all of the following factors:

(1) the length of the treatment relationship and the frequency of
examination;
(2) the nature and extent of the treatment relationship,
including the treatment provided and the kind of examination or
testing performed;
(3) the degree to which the physician's opinion is supported by
relevant evidence;
(4) consistency between the opinion and the record as a whole;
(5) whether or not the physician is a specialist in the area upon
which an opinion is rendered; and
(6) other factors brought to the ALJ's attention which tend to
support or contradict the opinion.

Watkins v. Barnhart, 350 F.3d 1297, 1300-1301 (10th Cir. 2003).

    After considering the above factors, the ALJ must give good

reasons in his decision for the weight he ultimately assigns the

opinion.  If the ALJ rejects the opinion completely, he must then

give specific, legitimate reasons for doing so.  Watkins, 350

F.3d at 1301.

    An ALJ must evaluate every medical opinion in the record,

although the weight given to each opinion will vary according to

the relationship between the disability claimant and the medical professional.  Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004).  In the determination of issues reserved to the Commissioner, such as opinions regarding: whether an impairment meets or equals a listing, plaintiff's RFC, whether a plaintiff can do past relevant work, how age, education, and work experience apply, and whether a plaintiff is disabled, treating source opinions are not entitled to special significance or controlling weight.  Soc. Sec. Rul. 96-5p, (Medical Source Opinions on Issues Reserved to the Commissioner), 1996 WL 374183, at *2.  However, even on issues reserved to the Commissioner, including the RFC determination and the ultimate issue of disability, opinions from any medical source must be carefully considered and must never be ignored.  Social Security Ruling (SSR) 96-5p, 1996 WL 374183 at *2-3.  It is clear legal error to ignore a medical opinion.  Victory v. Barnhart, 121 Fed. Appx. 819, 825 (10th Cir. Feb. 4, 2005).  It is reversible error for the ALJ not to discuss uncontroverted evidence he chooses not to rely on, as well as significantly probative evidence he rejects.  Grogan v. Barnhart, 399 F.3d 1257, 1266 (10th Cir. 2005).

Plaintiff, in his brief, argues that the ALJ made an RFC finding that plaintiff could perform sedentary work in spite of the opinion of Dr. Roberts, plaintiff's treating physician, that plaintiff needed to be on disability (Doc. 9 at 9-10).  A letter

from Dr. Roberts, dated September 23, 2004, states the following:

> I do not believe he can work substantially
> even on a riding mower, especially in the
> heat.  He does need disability and a patient
> assistance program...
>
> I did make the following recommendations...
>
> 4. I will have my office and the Kansas Heart
> Hospital see if we can reapply for disability
> and/or Medicaid status.

(R. at 251).  This opinion by Dr. Roberts was never mentioned by

the ALJ in his decision.

The ALJ did consider the opinion of Dr. Stranathan, who

stated the following on August 11, 2006:

> My patient, Rolly Williams, was seen in the
> office today with a progressive difficulty
> with ambulating; his grip in his right hand
> has weakened. He has a known history of
> coronary artery disease and laboratory
> testing which would suggest that he has some
> type of inflammatory arthritis, probably
> [r]heumatoid in nature. He has known chronic
> essential hypertension and hyperlipidemia. It
> has become progressively more difficult for
> him to ambulate; he cannot stand for periods
> greater than approximately 30 minutes due to
> pain and weakness in his ankle and his legs,
> It is my feeling that he should be able to
> qualify for some type of assistance due to
> his medical conditions.

(R. at 302, 420).  The ALJ stated the following regarding the

opinions of Dr. Stranathan:

> In reaching this conclusion, the undersigned
> is not unmindful of the letter, dated August
> 11, 2006, from Sidney Stranathan, D.O., in
> which he stated that the claimant is disabled
> and should be able to qualify for some type
> of assistance due to his medical condition

(Exhibit 16F). A review of the medical
records does not indicate that the claimant
was ever treated by Dr. Stranathan.
Additionally, his opinion that the claimant
is "disabled" is an opinion on an issue that
is reserved to the Commissioner and, thus, is
never entitled to controlling weight or
special significance. Nevertheless, the
Administrative Law Judge may not ignore such
an opinion. In this case, the undersigned
finds that Dr. Stranathan's opinions with
symptomatic references is not supported by
objective medical evidence, and **his opinions
are not consistent with the opinions of the
claimant's other treating physicians**, or with
the medical evidence previously discussed.
**Dr. Roberts offers no such opinion**, as he
stated, on April 22, 2004, that the claimant
had felt much better since being discharged
from the hospital, and that he had had no
further dyspnea, PND, orthopnea, chest
discomfort, or significant palpitations
(Exhibit 4F). Furthermore, Dr. Rasmussen
stated, on May 27, 2005, that the claimant
had no complaints and he appeared well
(Exhibit 10F). Because the evidence of record
does not establish that the claimant is
disabled as defined in the Act, the
undersigned cannot accept Dr. Stranathan's
opinion that the claimant is disabled (20 CFR
404.1527(e), 416.927(e); Social Security
Ruling 96-5p).

(R. at 22, emphasis added).

As noted above, the ALJ stated that the opinion of Dr.
Stranathan that plaintiff is disabled is not consistent with the
opinions of plaintiff's other treating physicians, and
specifically states that Dr. Roberts offered no such opinion.
However, Dr. Roberts had in fact stated on September 23, 2004
that plaintiff "needs disability" and that his office would
reapply for disability and/or Medicaid status for the plaintiff

(R. at 251).  Thus, contrary to the ALJ's findings, the opinion of Dr. Stranathan appears to be consistent with the opinion of Dr. Roberts, plaintiff's treating physician.  As the case law cited above indicates, and as the ALJ stated in his discussion of the opinion of Dr. Stranathan, an ALJ cannot ignore a medical opinion that a claimant is disabled; yet, that is precisely what the ALJ did here by ignoring the opinion of Dr. Roberts.  In fact, the ALJ incorrectly stated that Dr. Roberts offered no such opinion when in fact Dr. Roberts had opined that plaintiff needed disability.  Because of this clear error, this case shall be remanded in order for the ALJ to consider the opinion of Dr. Roberts that plaintiff is disabled, and to reconsider the opinion of Dr. Stranathan in light of the opinion of Dr. Roberts.  The ALJ shall then make new findings as to plaintiff's credibility and RFC after giving consideration to these medical opinions in addition to the other evidence in the record.[1]

Defendant's brief points out medical evidence that would indicate plaintiff is not disabled (Doc. 12 at 12).  On July 20, 2006, Dr. Rasmussen indicated that she advised the plaintiff that based on the records he would probably not qualify for disability (R. at 288).  On October 10, 2005, the medical record indicates

---

[1]When this case is remanded, the ALJ should also consider 3rd party statements contained in the record which discuss plaintiff's limitations (R. at 152, 153-154, 159, 162).  Blea v. Barnhart, 466 F.3d 903, 915 (10th Cir. 2006).

that "apparently Dr. Allenbach sent a letter to SRS stating that
[plaintiff] is not disabled" (R. at 291).   However, this
information was not mentioned by the ALJ in his decision.   An
ALJ's decision should be evaluated based solely on the reasons
stated in the decision.   Robinson v. Barnhart, 366 F.3d 1078,
1084 (10th Cir. 2004).   A decision cannot be affirmed on the
basis of appellate counsel's post hoc rationalizations for agency
action.   Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir.
1985).   A reviewing court may not create post-hoc
rationalizations to explain the Commissioner's treatment of
evidence when that treatment is not apparent from the
Commissioner's decision.   Grogan v. Barnhart, 399 F.3d 1257, 1263
(10th Cir. 2005).   By considering legal or evidentiary matters
not considered by the ALJ, a court risks violating the general
rule against post hoc justification of administrative action.
Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004).   Because
the specific medical records cited by the defendant in his brief
were not discussed by the ALJ in his decision, they will not be
considered by the court.

     Furthermore, the court should not engage in the task of
weighing evidence in the first instance, Clifton v. Chater, 79
F.3d 1007, 1009 (10th Cir. 1996); Neil v. Apfel, 1998 WL 568300
at *3 (10th Cir. Sept. 1, 1998), but should review the
Commissioner's decision only to determine whether his factual

findings are supported by substantial evidence and whether he applied the correct legal standards.  <u>Clifton</u>, 79 F.3d at 1009. Of course, upon remand, the ALJ should consider this medical evidence cited in the defendant's brief in determining whether plaintiff is disabled.  However, the record does not in fact contain the letter from Dr. Allenbach, but only a statement in a medical record that the letter was apparently sent to SRS.  Dr. Rasmussen's medical record of October 10, 2005 also indicates that she will complete and send in an SRS form (R. at 291). However, that form also does not appear in the record.  Upon remand, the ALJ should undertake to obtain the actual letter apparently written by Dr. Allenbach and the SRS form filled out by Dr. Rasmussen.

The ALJ stated in his decision that the record does not indicate that the plaintiff was ever treated by Dr. Stranathan (R. at 22).  However, Dr. Stranathan's letter described plaintiff as "my patient" and indicated that he had seen plaintiff in the office on August 11, 2006 (R. at 302).  The letter indicates that Dr. Stranathan works at the Anthony Medical Center at 1101 E. Spring Street (R. at 302).  The medical record also indicates that Dr. Stranathan is in the Anthony Primary Care Center at 1101 E. Spring St. with Dr. Rasmussen (R. at 379).  Dr. Rasmussen was plaintiff's treating physician from 2004-2006 (R. at 252-274, 286-301).  Therefore, on remand, the opinions of Dr. Stranathan

must be considered in light of the fact that he practiced with Dr. Rasmussen, and therefore may have been part of plaintiff's treatment team.  The ALJ may want to recontact Dr. Stranathan in order to clarify his role in plaintiff's treatment.

IT IS THEREFORE RECOMMENDED that the decision of the Commissioner be reversed, and that the case be remanded for further proceedings (sentence four remand) for the reasons set forth above.

Copies of this recommendation and report shall be provided to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

Dated at Wichita, Kansas, on October 11, 2007.

s/John Thomas Reid
JOHN THOMAS REID
United States Magistrate Judge